UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Francesse Senat Dor,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Google LLC (d/b/a Gmail),<br><br>　　　　　　Defendant. | Civil No. 3:25-cv-01915 (SVN)<br><br><br>February 13, 2026 |

### RECOMMENDED RULING ON INITIAL REVIEW OF
### THE COMPLAINT UNDER 28 U.S.C. § 1915

**I.　INTRODUCTION**

This is a lawsuit filed by the plaintiff, Francesse Senat Dor, proceeding *pro se*, against Google LLC (d/b/a Gmail). (Am. Compl., ECF No. 13, at 1.) Ms. Dor asserts that Google's spam filter failed to block abusive, spoofed, and spam emails from reaching her Gmail account. She says that reading these emails caused her emotional distress, and although she does not allege that the emails ever reached anyone else but her, she contends that they somehow damaged her reputation and disrupted her "professional communications and ongoing federal litigation." (*Id.* at 1-2.) She sought permission from the court to begin her lawsuit *in forma pauperis*, or "IFP." (ECF No. 22.)

When a plaintiff wishes to proceed IFP—that is, without paying the filing fee—the court ordinarily conducts two inquiries. First, it reviews the plaintiff's financial affidavit and determines whether she is unable to pay the fee. 28 U.S.C. § 1915(a). Second, to ensure that the plaintiff is not abusing the privilege of filing a free lawsuit, the court examines her complaint to determine whether, among other things, it "fails to state a claim on which relief may be granted" or "seeks

1

monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii).  And in all cases—not just those that involve indigent *pro se* plaintiffs—the court must determine whether it has jurisdiction over the subject matter.  If the complaint "fails to state a claim," seeks monetary relief from a defendant who is immune from that relief, or fails to show jurisdiction, the court must dismiss the case.  *Id.*

United States District Judge Sarala V. Nagala reviewed the plaintiff's *in forma pauperis* motion and determined that she was unable to pay the fee.  (ECF No. 28.)  Judge Nagala then referred this case to me—United States Magistrate Judge Thomas O. Farrish—to conduct the second inquiry.  (ECF No. 29.)  I have thoroughly reviewed the plaintiff's Amended Complaint (ECF No. 13.)  Based on my review, I recommend that Judge Nagala dismiss the complaint because Ms. Dor has not properly invoked the court's jurisdiction, or, in the alternative, because her complaint fails to state a claim on which relief may be granted and seeks monetary relief against a defendant who is immune from such relief pursuant to Section 230 of the Communications Decency Act, or "CDA."  I further recommend that the dismissal be without leave to replead.

## II.    BACKGROUND

The plaintiff's lawsuit arises out of unwanted emails.  She says that her Gmail account was "repeatedly targeted by spoofed emails falsely appearing to originate from Plaintiff's own address." (Am. Compl., ECF No. 13, at 1.)  She also says that she received "sexually explicit spam and abusive messages," including an email that said, "Why are you harassing my daughter, you pig[.]"  (*Id.* at 2.)  She claims that Google had a duty to protect her email account from spoofed and abusive emails, but it failed to do so, causing her "reputational harm, emotional distress," and disruption of her "professional communications and federal litigation." (*Id.* at 1-2.)  She claims

compensatory damages for "reputational harm," emotional distress damages for "severe emotional suffering and disruption of professional and legal advocacy," and punitive damages "to deter Defendant and others from similar misconduct." [1] (*Id*. at 2.)

### III. REVIEW OF THE COMPLAINT

#### A. General Principles of Review under 28 U.S.C. § 1915

"A motion to proceed IFP comes with a consequence." *Ortiz v. Tinnerello*, No. 22-cv-1318 (AWT) (TOF), 2023 WL 11842871, at *1 (D. Conn. Mar. 22, 2023). "Because IFP plaintiffs lack 'an economic incentive to refrain from filing frivolous, malicious or repetitive lawsuits' . . . [28 U.S.C. § 1915] instructs the Court to review their complaints and dismiss certain types of abusive or facially unmeritorious claims." *Emiabata v. Bartolomeo*, No. 3:21-cv-776 (OAW) (TOF), 2022 WL 4080348, at *5 (D. Conn. Jan. 3, 2022) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).

In performing this inquiry, the Court must first determine whether it has jurisdiction over the plaintiff's claims. Unlike many state courts, federal courts are courts of "limited jurisdiction," meaning that they cannot hear just any case. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Leaving aside some others that are not relevant here, a federal court can typically adjudicate only three types of claims: (1) those that "aris[e] under the Constitution, laws, or treaties of the United States"—so-called "federal question" jurisdiction under 28 U.S.C. § 1331; (2)

---

[1] In Ms. Dor's original complaint, she included screenshots of emails as exhibits. (*See* Compl., ECF No. 1, at 4-6.) Although she stated that Gmail's filters had "failed to block these messages," each email was clearly in her Gmail's spam folder. (*See id.* at 1, 4-6.) She has since amended her complaint, and "an amended pleading ordinarily supersedes the original and renders it of no legal effect." *In re Crysen/Montenay Energy Co.*, 226 F.3d 160, 162 (2d Cir. 2000). But the Court will caution Ms. Dor that "[f]iling a document with the Court is a representation of the truthfulness of the claims contained therein[,]" *Moales v. Land Rover Cherry Hill*, No. 3:25-cv-544 (VDO), 2025 WL 1249616, at *3 (D. Conn. Apr. 30, 2025), and she should take care to ensure that all her filings are a true and accurate representation of the facts.

disputes between citizens of different states, where the amount in controversy exceeds $75,000—"diversity jurisdiction" under 28 U.S.C. § 1332; and, under certain circumstances, (3) other claims that are "so related" to an "original jurisdiction" claim that they "form part of the same case or controversy under Article III of the United States Constitution"—"supplemental jurisdiction" under 28 U.S.C. § 1367(a). If jurisdiction is lacking, the complaint must be dismissed, even if it was drafted by a *pro se* plaintiff. *See, e.g., Rene v. Citibank N.A.*, 32 F. Supp. 2d 539, 541 (E.D.N.Y. 1999); *cf. Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000) (placing the burden of proving subject matter jurisdiction on the *pro se* plaintiff).

If jurisdiction exists, the Court reviews the complaint to determine whether it should be dismissed for one of three other reasons specified in the statute. First, the court must "dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is "frivolous" when it is entirely without a factual or legal basis. As the Court of Appeals has explained, an "action is 'frivolous' for § 1915(e) purposes if it has no arguable basis in law or fact, as is the case if it is based on an 'indisputably meritless legal theory.'" *Montero v. Travis*, 171 F.3d 757, 759 (2d Cir. 1999) (quoting *Neitzke*, 490 U.S. at 325-27). "Frivolous" complaints include those that are based on "fanciful factual allegation[s]," *Neitzke*, 490 U.S. at 325, as well as those in which a dispositive defense clearly exists "on the face of the complaint." *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995).

Second, the court must dismiss a complaint that "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint fails to state a claim when it lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Facial plausibility," in turn, requires the pleading of "factual content that allows the court to draw the reasonable inference that the defendant is liable

4

Case 3:25-cv-01915-SVN     Document 30     Filed 02/13/26     Page 5 of 15

for the misconduct alleged." *Id*. When an IFP complaint lacks this "facial plausibility," it is subject to dismissal. 28 U.S.C. § 1915(e)(2)(B)(ii); *Gordon v. Suffolk Cnty.*, 792 F. App'x 128, 129 (2d Cir. 2020) (summary order). Third, "the court shall dismiss the case" if it finds that the complaint "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(iii).

These and other pleading rules are applied liberally in favor of *pro se* plaintiffs. "Since most *pro se* plaintiffs lack familiarity with the formalities of pleading requirements," courts must "construe *pro se* complaints liberally, applying a more flexible standard to evaluate their sufficiency than we would when reviewing a complaint submitted by counsel." *Lerman v. Bd. of Elections*, 232 F.3d 135, 139-40 (2d Cir. 2000). In other words, courts interpret *pro se* complaints "to raise the strongest arguments they suggest." *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (internal quotation marks omitted). Still, even a *pro se* plaintiff must plead a plausible claim. *See Vega v. Univ. of Conn. Med. Ctr.*, No. 3:11-cv-1864 (AVC), 2012 WL 1825381, at *1 (D. Conn. May 16, 2012) ("Although courts still have an obligation to liberally construe a *pro se* complaint, the complaint must include sufficient factual allegations to meet the standard of facial plausibility." (internal citation omitted)).

    **B.**    **Analysis: Subject Matter Jurisdiction**

The plaintiff seeks to invoke this Court's diversity jurisdiction under 28 U.S.C. § 1332. (Am. Compl., ECF No. 13, at 1.) Diversity jurisdiction does not exist unless two principal requirements have been met. The first is that the "matter in controversy" must exceed "the sum or value of $75,000, exclusive of interest and costs[.]" 28 U.S.C. § 1332(a). The second is that the dispute must be "between . . . citizens of different States[.]" *Id*. The party seeking to invoke diversity jurisdiction—in this case, Ms. Dor—bears the burden to show that both requirements have been satisfied. *See Advani Enters., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d

Cir. 1998) ("The party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete.").

To show that a dispute is between citizens of different states, a plaintiff must allege different facts depending on the type of citizen involved. The citizenship of an LLC "is determined by the citizenship of each of its members." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016). A natural person "is deemed a citizen of the state wherein he or she is domiciled[.]" *Universal Reins. Co. v. St. Paul Fire & Mar. Ins. Co*., 224 F.3d 139, 141 (2d Cir. 2000) (citing *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998)). "Domicile has been described as the place where a person has 'his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning.'" *Linardos*, 157 F.3d at 948 (quoting 13B C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 3612, at 526 (2d ed. 1984)).

As to the amount in controversy, the burden is on Ms. Dor to demonstrate that her claims may be worth more than $75,000. "A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Tongkook Am., Inc. v. Shipton Sportswear Co*., 14 F.3d 781, 784 (2d Cir. 1994) (citing *Moore v. Betit*, 511 F.2d 1004, 1006 (2d Cir.1975)). When a plaintiff pleads that the amount in controversy exceeds $75,000, the Second Circuit recognizes "a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Scherer v. Equitable Life Assurance Soc'y of U.S*., 347 F.3d 394, 397 (2d Cir. 2003) (internal quotation marks omitted) (quoting *Wolde–Meskel v. Vocational Instruction Project Cmty. Servs*., Inc., 166 F.3d 59, 63 (2d Cir. 1999)). Where a complaint does not contain facts plausibly suggesting that the amount in controversy exceeds $75,000, however, the court is not required to presume that the conclusory allegations in the complaint are a good faith representation of the

amount in controversy. *See Lapaglia v. Transamerica Cas. Ins. Co.*, 155 F. Supp. 3d 153, 155 (D. Conn. 2016) (concluding that plausibility requirement applies to allegations of amount in controversy); *Wood v. Maguire Auto. LLC*, 508 F. App'x 65, 65-66 (2d Cir. 2013) (summary order) (affirming that bare and conclusory allegations as to the amount in controversy were "not entitled to a presumption of truth"). Thus, "[a] plaintiff seeking to invoke diversity jurisdiction cannot meet its burden of proof with mere conclusory allegations of indirect or speculative value." *Chavez v. Maker*, No. 1:18-cv-07965 (RA) (GWG), 2019 WL 4926348, at *4 (S.D.N.Y. Oct. 7, 2019) (internal quotation marks and citation omitted), *report & recommendation adopted sub nom.*, *Chavez v. Wylie*, 2019 WL 6873806 (S.D.N.Y. Dec. 17, 2019), *appeal dismissed*, No. 20-383, 2020 WL 4332758 (2d Cir. May 28, 2020).

Here, construing the complaint liberally, the first of the two principal diversity-jurisdiction requirements probably could be satisfied with another pleading amendment. The plaintiff alleges that she is a citizen of Connecticut. (Am. Compl., ECF No. 13, at 1.) She does not allege the citizenship of Google LLC's members (*see id.*), but the Court will note that in other federal cases, Google has not been found to be a citizen of Connecticut. *E.g., Brown v. Google*, No. 1:24-cv-7018 (LTS), 2025 WL 2855341, at *8 (S.D.N.Y. Oct. 8, 2025); *Ballentine v. Google LLC*, No. 24-cv-4699 (LTS), 2024 WL 4855215, at *3 n.2 (S.D.N.Y. Nov. 21, 2024).

However, Ms. Dor has not alleged facts plausibly suggesting that her claims meet the $75,000 statutory jurisdictional amount for diversity jurisdiction. She asserts, in a conclusory fashion, that she is entitled to "$100,000 or more" in compensatory damages for "reputational harm," emotional distress damages in the amount of "$250,000 or more," and punitive damages in the amount of "$250,000 or more." (Am. Compl., ECF No. 13, at 2.) She offers no plausible factual allegations explaining how these amounts were calculated or otherwise supporting her

7

damages amount.  At bottom, her complaint alleges that she read some unpleasant emails.  She does not allege that the emails reached anyone else, or otherwise plausibly allege how those emails damaged her reputation.  Because the plaintiff has failed to plead facts demonstrating plausible, non-speculative damages exceeding $75,000, she has not properly invoked the court's diversity jurisdiction.  *Lapaglia*, 155 F. Supp. 3d at 154 ("Federal diversity jurisdiction requires an amount in controversy of at least $75,000.") (citing 28 U.S.C. § 1332(a)).  Accordingly, I recommend that Judge Nagala dismiss her claims for lack of subject matter jurisdiction.

        **C.**      **Analysis:  Immunity and Failure to State a Claim**

Although I conclude that Ms. Dor has not invoked the court's diversity jurisdiction and recommend that the complaint be dismissed for that reason, I will nevertheless address whether her complaint also warrants dismissal on other grounds.  When reviewing *pro se* IFP complaints under 28 U.S.C. § 1915(e)(2), courts examine the factual allegations and consider what theories of recovery they suggest, without limiting themselves to the theories expressly identified by the plaintiff.  *See Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005) (noting that, because *pro se* litigants "cannot be expected to know all of the legal theories on which they might ultimately recover," a reviewing court's "imagination should be limited only by [the] factual allegations" when determining what legal claims the complaint suggests).  In *Emiabata*, for example, the plaintiff asserted six specific claims that were all barred by one sort of immunity or another.  2022 WL 4080348, at *10.  But his factual allegations suggested a seventh claim—a civil rights claim under 42 U.S.C. § 1983—so the Court analyzed that claim as well, even though the plaintiff had not expressly pled it.  *Id.* at *11.

  In this case, Ms. Dor asserts three claims—negligence, emotional distress, and something she calls "platform harm."  (Am. Compl., ECF No. 13, at 2.)  Under the latter heading, she alleges that Google "damaged [her] reputation by allowing impersonation and spoofing of her Gmail

8

account," with the result that she "suffered reputational harm" and "disruption" of other "federal litigation." (*Id.*) Applying the *Phillips* principle, I will interpret this as an attempt to raise a common law defamation claim. Thus, I will construe her complaint as attempting to raise claims of negligence, infliction of emotional distress, and defamation, and I will consider whether those claims should be dismissed for one or more of the reasons listed in 28 U.S.C. § 1915(e)(2).

### 1. *Immunity*

The defendant is immune from liability for the plaintiff's claims of negligence, emotional distress, and defamation under the CDA, 47 U.S.C. § 230. Section 230 provides that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). Section 230 also provides that "[n]o cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section." 47 U.S.C. § 230(e)(3). Thus, Section 230 shields a defendant from civil liability when: (1) the defendant is a "provider or user of an interactive computer service[;]" (2) the plaintiff's claims would treat the provider as the publisher or speaker of information; and (3) the information was provided by another "information content provider." 47 U.S.C. § 230(c)(1).

All three apply in this case. To begin with, Google is a provider of an interactive computer service. An "interactive computer service" provider is one that "provides or enables computer access by multiple users to a computer server[.]" 47 U.S.C. § 230(f)(2). As many courts have found, Google fits within this definition. *E.g. Marshall's Locksmith Serv. Inc. v. Google, LLC*, 925 F.3d 1263, 1268 (D.C. Cir. 2019) (Google); *Ynfante v. Google LLC*, No. 22-cv-6831 (JGK), 2023 WL 3791652, at *2 (S.D.N.Y. June 1, 2023) (Google); *Republican Nat'l Comm. v. Google,*

*Inc.*, No. 2:22-cv-01904 (DJC) (JBP), 2023 WL 5487311, at *4 (E.D. Cal. Aug. 24, 2023) (Google, and specifically "Google's Gmail").

Second, the plaintiff's complaint treats the defendant as the publisher or speaker of information. Section 230 "specifically proscribes liability" for "decisions relating to the monitoring, screening, and deletion of content from its network—actions quintessentially related to a publisher's role." *Green v. Am. Online (AOL)*, 318 F.3d 465, 471 (3d Cir. 2003) (citation omitted). "In other words, Section 230 bars any claim that 'can be boiled down to the failure of an interactive computer service to edit or block user-generated content that it believes was tendered for posting online, as that is the very activity Congress sought to immunize by passing the section.'" *Ynfante*, 2023 WL 3791652, at *2 (quoting *Fair Hous. Council of San Fernando Valley v. Roommates.com, LLC*, 521 F.3d 1157, 1172 n.32 (9th Cir. 2008)). All the plaintiff's claims are fundamentally based on her assertion that the defendant allowed certain unwanted messages through Gmail's spam filters. (Am. Compl., ECF No. 13, at 2.) Because she seeks to hold the defendant liable for its decisions related to monitoring and screening of emails, her claims "fall squarely within the exercise of a publisher's role" and are "therefore subject to Section 230's broad immunity." *Ynfante*, 2023 WL 3791652, at *2. Finally, the emails in question came from an information content provider distinct from the defendant. The plaintiff does not allege that the defendant is the creator or developer of any of these emails. (*See generally* Am. Compl., ECF No. 13.) Therefore, the plaintiff's claims of negligence, emotional distress, and defamation are barred under Section 230 of the CDA, and I recommend that they be dismissed for "seek[ing] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(iii).

### 2. Failure to State a Claim

#### a. Negligence

The plaintiff asserts a claim of negligence under Connecticut common law. (Am. Compl., ECF No. 13, at 2.) She claims that the defendant owed a "duty of reasonable care to protect her Gmail account from impersonation, spoofing, and harmful content," that the defendant breached that duty by "failing to implement adequate safeguards and allowing spoofed and abusive emails to reach [her] inbox," and that she suffered "reputational harm, emotional distress, and disruption of professional communications" as a direct and proximate result of the defendant's breach of duty. (*Id.*)

"The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." *RK Constructors, Inc. v. Fusco Corp.*, 231 Conn. 381, 384 (1994). "The existence of a duty is a question of law and only if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand." *Petriello v. Kalman*, 215 Conn. 377, 382-83 (1990) (internal quotation marks and alterations omitted) (quoting *Shore v. Stonington*, 187 Conn. 147, 151-52 (1982)). To determine whether a legal duty of care exists, courts look to: (1) "whether an ordinary person in the defendant's position, knowing what the defendant knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result[;]" and (2) whether public policy suggests that "the defendant's responsibility for its negligent conduct should extend to the particular consequences or particular plaintiff in the case[.]" *Gazo v. Stamford*, 255 Conn. 245, 250 (2001) (internal quotation marks and citation omitted).

Generally, a party does not have an obligation "to aid or to protect another party." *Ryan Transp., Inc. v. M & G Assocs.*, 266 Conn. 520, 526 (2003). "[A]bsent a special relationship of

custody or control, there is no duty to protect a third person from the conduct of another." *Kaminski v. Fairfield*, 216 Conn. 29, 33-34 (1990). Here, there is no indication that the defendant had a "special relationship of custody or control" with the plaintiff. *Id.* In addition, her claimed harms—emotional distress, reputational damage, and disruption of her communications—are attenuated from what the defendant is claimed to have done here, such that a reasonable person would not anticipate that the claimed harms were likely to result. Therefore, she has failed to allege facts that would show that the defendant owed her a duty of care. Thus, even if the Court were to conclude that the defendant is not immune from this suit under Section 230 of the CDA, I would recommend that the plaintiff's claim of negligence be dismissed for failure to state a claim upon which relief can be granted.

### b. *Emotional Distress*

The plaintiff claims "emotional distress," which I interpret as a state-law claim for either intentional infliction of emotional distress or negligent infliction of emotional distress. To state a plausible claim for intentional infliction of emotional distress, a plaintiff must plead facts that, if she were to prove them, would show that the defendant "intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct;" "that the conduct was extreme and outrageous;" "that the defendant's conduct was the cause of [her] distress;" and "that the emotional distress . . . was severe." *Appleton v. Bd. of Educ. of Town of Stonington*, 254 Conn. 205, 210 (2000) (internal quotation marks and citation omitted). To state a plausible claim for negligent infliction of emotional distress, the complaint must allege facts that would show that "the defendant's conduct created an unreasonable risk of causing the plaintiff emotional distress;" the "distress was foreseeable;" the distress "was severe enough that it might

result in illness or bodily harm;" and "the defendant's conduct was the cause of [her] distress." *Carrol v. Allstate Ins. Co.*, 262 Conn. 433, 444 (2003).

In this case, the plaintiff states in a conclusory fashion that the defendant's conduct "was extreme and outrageous, and it foreseeably resulted in Plaintiff's emotional distress." (Am. Compl., ECF No. 13, at 2.) But this conclusory allegation must be disregarded for purposes of determining whether she has stated a claim upon which relief may be granted. *Iqbal*, 556 U.S. at 678. Putting aside her conclusory allegations, the plaintiff's complaint alleges that the defendant failed to filter out certain emails, and those emails were distressing when she read them. The foreseeability element of both the intentional and negligent forms of emotional distress is lacking, because the defendant could not have plausibly foreseen that she would receive these emails from unknown third parties, and that she would be severely emotionally distressed by receiving them. Thus, even if the Court were to conclude that the defendant is not immune from this suit under Section 230 of the CDA, I would recommend that the plaintiff's claim of emotional distress be dismissed for failure to state a claim upon which relief can be granted.

c. *Defamation*

Finally, the plaintiff asserts that the defendant caused harm to her reputation. (Am. Compl., ECF No. 13, at 1.) She says that her reputation was harmed when she received "sexually explicit spam and abusive messages," and when she received "spoofed emails falsely appearing to originate from Plaintiff's own address." (*Id.* at 1-2.) She calls this claim "platform harm," but since there is no recognized tort with that name, I interpret it as an attempt to raise a defamation claim under Connecticut common law.

"Defamation is comprised of the torts of libel and slander. Defamation is that which tends to injure reputation in the popular sense; to diminish the esteem, respect, goodwill or confidence

in which the plaintiff is held, or to excite adverse, derogatory, or unpleasant feelings or opinions against [her]." *DeVito v. Schwartz*, 66 Conn. App. 228, 234 (2001) (internal quotation marks omitted). "To succeed on a defamation claim in Connecticut, a plaintiff must show that: (1) defendant made a false statement about plaintiff; (2) defendant published the statement to a third party; *and* (3) plaintiff's reputation was thereby injured." *Cweklinsky v. Mobil Chem. Co.*, 364 F.3d 68, 73 (2d Cir. 2004) (emphasis in original).

The plaintiff does not allege that the defendant published a defamatory statement to a third party. Based on her complaint, the only person to receive the emails was herself. Even if she shared them with others later, "[a]s a general rule . . . no action for defamation exists if the defendant publishes the defamatory statements to only the plaintiff, and the plaintiff subsequently disseminates the statements to a third person." *Cweklinsky v. Mobil Chem. Co.*, 267 Conn. 210, 217 (2004). In addition, since the emails were not published to a third party, the plaintiff cannot plausibly claim any injury to her reputation. Reputation is "[t]he esteem in which someone is held or the goodwill extended to or confidence reposed in that person by others . . . ." *Reputation*, BLACK'S LAW DICTIONARY (12th ed. 2024). Therefore, "unless the defamatory matter is communicated to a third person there has been no loss of reputation." *Maddox v. Bank of New York Mellon Tr. Co., N.A.*, 19 F.4th 58, 65 (2d Cir. 2021) (internal quotation marks omitted) (quoting Restatement of Torts § 577 cmt. b). Thus, even if the Court were to conclude that the defendant is not immune from this suit under Section 230 of the CDA, I would recommend that the plaintiff's claim of defamation be dismissed for failure to state a claim upon which relief can be granted.

IV. CONCLUSION

For the reasons stated in Part III, I recommend that Judge Nagala dismiss the complaint for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim and immunity

pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii).  Furthermore, I recommend that the dismissal be without leave to replead.  Although courts typically permit *pro se* plaintiffs "leave to amend at least once," *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000), the plaintiff has already amended her complaint once.  Moreover, when "[t]he problem with [the complaint] is substantive[,] better pleading will not cure it."  *Id*.  In such cases, "[r]epleading would . . . be futile[,]" and "futile request[s] to replead should be denied."  *Id*.  (citing *Hunt v. Alliance N. Am. Gov't Income Tr.*, 159 F.3d 723, 728 (2d Cir. 1998)).  This is such a case; better pleading will not cure or negate the pleading defects identified above.

This is a recommended ruling by a magistrate judge.  Fed. R. Civ. P. 72(b)(1); D. Conn. L. Civ. R. 72.1(C).  **If Ms. Dor wishes to object to my recommendation, she must file that objection with the Clerk of the Court within fourteen days—that is, by February 27, 2026.**[2]  Fed. R. Civ. P. 72(b)(2) (stating that objections to magistrate judges' recommended dispositions must be filed within fourteen days); D. Conn. L. Civ. R. 72.2(a) (same).  If she does not file an objection within fourteen days, she will not be able to assign as error any defect in this recommended ruling.  D. Conn. L. Civ. R. 72.2(a).  Failure to file a timely objection will also prevent her from obtaining appellate review.  See 28 U.S.C. § 636(b)(1); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision."); *accord Impala v. U.S. Dept. of Justice*, 670 F. App'x 32 (2d Cir. 2016) (summary order).

/s/ Thomas O. Farrish
Hon. Thomas O. Farrish
United States Magistrate Judge

---

[2]    Ms. Dor signed up for electronic notifications (ECF Nos. 4, 11), and is therefore not entitled to the five additional days given to litigants who will receive the recommended disposition by mail.